FILED
2014 Sep-09 AM 09:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SHERRYL & BRETT CAFFEY,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | ) Case No.: 5:14-CV-1686-VEH |
| | ) |
| **OCWEN FEDERAL BANK, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Plaintiffs, who are representing themselves, initiated this case in the Circuit Court of Madison County on July 29, 2014, and named a mixture of fifteen individuals and entities as defendants. (Doc. 1-1 at 1).[1] Defendant Ocwen Federal Bank ("Ocwen") removed Plaintiffs' lawsuit to this court on August 29, 2014, on the basis of federal question jurisdiction. (Doc. 1 at 2 ¶ 4).

Pending before the court are Ocwen's Motion To Dismiss Plaintiffs' Complaint (Doc. 8) ("Ocwen's Motion"), and Defendants Jason Tingle and Jauregui & Lindsey, LLC's Motion To Dismiss Plaintiffs' Complaint (Doc. 9) ("Tingle's Motion"), both

---

[1] All page references to Doc. 1-1 correspond with the court's CM/ECF numbering sytem.

of which were filed on September 4, 2014. As explained below, the Motions are **GRANTED** in that this court will require Plaintiffs to replead their claims in a concise, plausible, and non-shotgun manner. Otherwise, the Motions are **DENIED WITHOUT PREJUDICE**.

## II.     Standards

### A.     *Pro Se* Pleading Standard

As an initial matter, "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). Accordingly, Plaintiffs' allegations asserted against Defendants are not appropriately subject to dismissal simply because they lack procedural precision or completeness in the context of Rule 8 of the Federal Rules of Civil Procedure.

### B.     Rule 8 Pleading Standard

Rule 8 sets for several general rules regarding pleadings and provides in pertinent part:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has

>jurisdiction and the claim needs no new jurisdictional support;
>
>(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>(3) a demand for the relief sought, which may include relief in the alternative or different types of relief. . . .
>
>**(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**
>
>>**(1) In General.** Each allegation must be simple, concise, and direct. No technical form is required.

Fed. R. Civ. P. 8(a), 8(d)(1).

### C.    Rule 12(b)(6) Dismissal Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion:  (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting Fed. R. Civ. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* Fed. R. Civ. P. 8(a) (setting forth general

pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid*." *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

### D.     Rule 12(e) More Definite Statement Standard

Rule 12(e) permits a party:

> [To] move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). As the former Fifth Circuit has explained the balance to strike between Rule 12(b)(6) and Rule 12(e):

> Under 12(e) the Court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. But the fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of that rule, might so conclude does not permit him to dismiss the complaint for failure to state a claim. <u>It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing his action</u>.

*Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (emphasis

added);[2] *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 n.4 (11th Cir. 2014) (quoting *Mitchell*).

**III.  Analysis**

Both Ocwen's Motion and Tingle's Motion point out the rambling and otherwise procedurally unacceptable nature of Plaintiffs' complaint and maintain that such procedural non-compliance warrants a dismissal of their case. (*See, e.g.* Doc. 8 at 3 ("Based on these allegations, Plaintiffs list fifteen (15) federal causes of action and eleven (11) state law claims in the Complaint. . . . asserted in a generic list against all defendants as a whole.")). The court agrees that Plaintiffs' complaint, even when measured under the less stringent *pro se* pleading lens, is woefully inadequate.

In particular, the shotgun format of their pleading makes it impossible for <u>any</u> defendant to respond in a meaningful manner to Plaintiffs' lumpily pled allegations and laundry list of purported cognizable claims. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.").[3]

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3]  *Davis* footnote 54 gives numerous examples of Eleventh Circuit anti-shotgun references and states in full:

However, despite the numerous and substantial deficiencies with Plaintiffs' complaint, the court concludes that requiring Plaintiffs to replead, rather than dismissing their case outright, is the appropriate action for it to take, especially given Plaintiffs' *pro se* status. In repleading, Plaintiffs must study the *Davis* decision and the numerous cases cited therein and draft a much more definite and comprehendible pleading.

More particularly, the claims of each plaintiff against each defendant must be set forth in separately numbered counts. Further, Plaintiffs' new pleading must include only plausibly stated claims and avoid lumping causes of action together. Plaintiffs also must attach and appropriately label copies of all exhibits that are

---

*See, e.g., United States ex el. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n.1 (11th Cir. 2006); *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1330 n.22 (11th Cir. 2004); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 nn.9-10 (11th Cir. 2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1128–34 (11th Cir. 2001); *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1326-27 n.6 (11th Cir. 1998); *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Ibrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162 *passim* (11th Cir. 1997); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir. 1995); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1483-84 (11th Cir. 1992); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543-44 n.14 (11th Cir. 1986) (Tjoflat, J., dissenting). This list is just a teaser—since 1985 we have explicitly condemned shotgun pleadings upward of fifty times.

*Davis*, 516 F.3d at 979 n.54.

referenced within their restated complaint at the time it is filed. Additionally, Plaintiffs should endeavor to streamline all their claims and allegations and reduce unnecessary duplication of their contentions.

**The failure on the part of Plaintiffs to replead as the court has required in this order will result in a dismissal of their case against ALL defendants without prejudice**. Finally, the deadline for Plaintiffs to file their amended complaint is **no later than October 6, 2014**.

## IV.   Conclusion

Therefore, Ocwen's Motion and Tingle's Motion are **GRANTED IN PART** and otherwise are **DENIED**. Plaintiffs are **HEREBY ORDERED** to replead their complaint in a manner that fully complies with the contents of this order **on or before October 6, 2014**, or their claims against each and every defendant will be dismissed without prejudice.

**DONE** and **ORDERED** this the 9th day of September, 2014.

*[signature]*
**VIRGINIA EMERSON HOPKINS**
United States District Judge